NEUBERGER v. COMMISSIONER OF INTERNAL REVENUE.

COMMISSIONER OF INTERNAL REVENUE v. NEUBERGER.

No. 117.

Circuit Court of Appeals, Second Circuit.

June 12, 1939.

Proskauer, Rose & Paskus, of New York City (Walter Mendelsohn, Wilbur H. Friedman, and Martin Norr, all of New York City, of counsel), for taxpayer.

James W. Morris, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for the Commissioner.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

## PER CURIAM.

During the year 1932 the taxpayer, who was a member of the New York Stock Exchange, was engaged in the business of trading in securities on the floor of the Exchange for a partnership of which he was a member and also for his individual account. The taxpayer's petition presents two questions: (1) whether a loss sustained by him during the year on his individual transactions in stocks and bonds which were non-capital assets as defined in section 101 of the Revenue Act of 1932, 26 U.S.C.A. § 101 note, may be offset against his share of partnership profits realized during the same period from sales or exchanges of similar non-capital assets; and (2) whether section 23(r) of the 1932 Act, 26 U.S.C.A. § 23 note, if construed to prevent such offsetting, as the Board held it did, is unconstitutional. Both questions must be answered in the negative upon the authority of prior decisions by this court. Johnston v. Commissioner, 2 Cir., 86 F.2d 732, certiorari denied 301 U.S. 683, 57 S.Ct. 784, 81 L.Ed. 1341; Davis v. United States, 2 Cir., 87 F.2d 323, certiorari denied 301 U.S. 704, 57 S.Ct. 937, 81 L.Ed. 1350.

The commissioner's petition likewise presents two questions, one relating to commissions paid on the purchase of securities, the other to commissions paid on the sale of securities. Relying upon this court's decision in Winmill v. Commissioner, 2 Cir., 93 F.2d 494, the Board held that both commissions on purchases and commissions on sales may be deducted as ordinary and necessary business expenses. Subsequently the Winmill case was reversed with respect to commissions on purchases; they must be treated as part of the cost of the securities purchased. Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. ——. The fact that such commissions were paid to the taxpayer's partnership and reflected in its income does not change their character as capital expenditures by the taxpayer. To conform to the ruling of the Supreme Court, the deduction of commissions on purchases must be disallowed. With respect to commissions on sales we adhere to our decision in the Winmill case.

The cause is remanded for modification of the Board's order in conformity with this opinion.