NEUBERGER *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 5. Argued October 16, 17, 1940.—Decided November 12, 1940.

*Mr. Wilbur H. Friedman,* with whom *Mr. Jacob P. Aronson* was on the brief, for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Mr. Maurice J. Mahoney* were on the brief, for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

Petitioner, a resident of New York, was a member of the New York Stock Exchange. He was engaged in the business of trading in securities on the floor of the Exchange for the partnership of Hilson & Neuberger, of which he was a member, executing orders on behalf of customers of the partnership. In addition he made numerous purchases and sales of securities for his own account.

During the year 1932, the one here in question, Hilson & Neuberger derived a profit of $142,802.29 from the sale of securities which were not capital assets as defined in § 101 of the Revenue Act of 1932. 47 Stat. 169, 191. The firm had other income of $170,830.65 and deductions of $203,981.78, or net income of $109,651.16. Petitioner's distributive share was $44,158.55. During the same year petitioner sustained a net loss of $25,588.93 on his private transactions in stocks and bonds which were not capital assets as defined in § 101.

In his income tax return for the year 1932 petitioner deducted from gross income the loss of $25,588.93. The Commissioner disallowed the deduction and assessed a deficiency. The Board of Tax Appeals upheld the action of the Commissioner. 37 B. T. A. 223. On appeal the

Second Circuit Court of Appeals affirmed. 104 F. 2d 649. Because of substantial conflict with *Jennings* v. *Commissioner,* 110 F. 2d 945, and *Craik* v. *United States,* 31 F. Supp. 132, we granted certiorari limited to the questions whether § 23 (r) (1) of the Revenue Act of 1932, 47 Stat. 169, 183, authorized the claimed deduction, and whether, in the event that it did not, the statute as so construed was constitutional. 310 U. S. 655.

Section 23 of the Revenue Act of 1932 sets out the allowable deductions from gross income. Section 23 (r) (1) provides:

"Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed [as deductions from gross income] only to the extent of the gains from such sales or exchanges . . ."

The basic and narrow question is whether, in computing the income of an individual partner, the word "gains" in § 23 (r) (1) includes gains from sales or exchanges of partnership stocks and bonds which are not capital assets as defined in § 101. We are of opinion that it does.

In computing gross income prior to the Revenue Act of 1932, subject to certain limitations a taxpayer was entitled to deduct the full amount of his losses from transactions in securities. Revenue Act of 1928, §§ 23 (e), 23 (g), 101 (b), 113. But the growing custom of diminishing ordinary income by deducting losses realized on the sale of securities which had shrunk in value, due no doubt to the fall in prices after 1929, led Congress to provide in § 23 (r) (1) that deductions for such losses should be limited to gains from similar transactions.

That this was the purpose and the only purpose of § 23 (r) (1) abundantly appears from the Report of the Senate Finance Committee accompanying the bill.[1] Nowhere

---

[1] Report of Senate Finance Committee (72d Congress, 1st Sess.), Number 665, p. 10:

"Your committee believes that security gains and losses should be segregated, that security losses should be deducted solely from

does there appear any intention to deny to a taxpayer who chooses to execute part of his security transactions in partnership with another the right to deductions which plainly would be available to him if he had executed all of them singly. Nowhere is there any suggestion that Congress intended to tax noncapital security gains until they exceeded similar losses. The language of § 23 (r) (1) does not require such a construction. Nor do the available evidences of Congressional intent indicate such a purpose.

Respondent points out, however, that under §§ 181–189 of the Revenue Act of 1932, 47 Stat. 169, 222–223,[2] part-

_____

security gains; but that security gains should not be taxed until they actually exceed security losses."

See also Report of House Ways and Means Committee (72d Congress, 1st Sess.), Number 708, pp. 12–13:

"There are no provisions in existing law corresponding to section 23 (r), . . . Many taxpayers have been completely or partially eliminating from tax their income from salaries, dividends, rents, etc., by deducting therefrom losses sustained in the stock and bond markets, with serious effect upon the revenue. Your committee is of the opinion that some limitation ought to be placed on the allowance of such losses."

[2] Sec. 181. Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.

Sec. 182. (a) There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year.

(b) . . .

Sec. 183. The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual, except that the so-called "charitable contribution" deduction provided in section 23 (n) shall not be allowed.

Sec. 184. The partner shall, for the purpose of the normal tax, be allowed as a credit against his net income, in addition to the credits allowed to him under section 25, his proportionate share of such amounts of dividends and interest specified in section 25 (a) and (b) as are received by the partnership.

Sec. 185. In the case of the members of a partnership the proper part of each share of the net income which consists of earned income

nership income is computed on an entity basis, that items of partnership gross income do not appear on a partner's return, that only partnership net income is reflected in the individual partner's income and is reported only in the form of a distributable or distributed share. He contends that since partnership income is computed in the same way as an individual's the deduction afforded by § 23 (r) (1) to the partnership is a distinct privilege not to be confused or combined with that afforded to the individual. Thus, he argues, the deduction claimed here is inconsistent with the general scheme created for reporting partnership income as well as, in effect, a second or double use of § 23 (r) (1).

shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in this Supplement.

Sec. 186. In the case of the members of a partnership the proper part of each share of the net income which consists, respectively, of ordinary net income, capital net gain, or capital net loss, shall be determined under the rules and regulations to be prescribed by the Commissioner with the approval of the Secretary, and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in this Supplement, but at the rates and in the manner provided in section 101 (a) and (b), relating to capital net gains and losses.

Sec. 187. The benefit of the special deduction for net losses allowed by section 117 shall be allowed to the members of a partnership under regulations prescribed by the Commissioner with the approval of the Secretary.

Sec. 188. The amount of income, war-profits, and excess-profits taxes imposed by foreign countries or possessions of the United States shall be allowed as a credit against the tax of the member of a partnership to the extent provided in section 131.

Sec. 189. Every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners.

It is not to be doubted that in the enactment of § 23 (r) (1) Congress intended not only to deal with individual security gains and losses, but also to permit losses suffered in partnership security transactions to be applied against partnership gains in like transactions. It does not follow, however, and the language of the statute does not provide, either expressly or by necessary implication, that losses sustained in an individual capacity may not be set off against gains from identical though distinct partnership dealings. If the individual losses are actually incurred in similar transactions it cannot justly be said that the same deduction is taken a second time, or that the real purpose of the statute, which is ultimately to tax the net income of the individual partner, would thereby be impaired.

Sections 181–189 of the Revenue Act of 1932, 47 Stat. 169, 222–223, provide generally for computation and reporting of partnership income. In requiring a partnership informational return although only individual partners pay any tax, Congress recognized the partnership both as a business unit and as an association of individuals. This weakens rather than strengthens respondent's argument that the privileges are distinct or that the unit characteristics of the partnership must be emphasized. Compare *Jennings* v. *Commissioner*, 110 F. 2d 945; *Craik* v. *United States*, 31 F. Supp. 132; *United States* v. *Coulby*, 251 F. 982 (affirmed, 258 F. 27). Nor is the deduction claimed here precluded because Congress, in §§ 184–188, has particularized instances where partnership income retains its identity in the individual partner's return. The maxim *expressio unius est exclusio alterius* is an aid to construction, not a rule of law. It can never override clear and contrary evidences of Congressional intent. *United States* v. *Barnes*, 222 U. S. 513.

It is true that the Treasury Department adopted a contrary position and denied the claimed deduction. G.

C. M. 14012, XIV-1 Cum. Bull. 145; I. T. 2892, XIV-1 Cum. Bull. 148. Under different circumstances great weight has been attached to administrative practice and Treasury rulings, but beyond question they cannot narrow the scope of a statute when Congress plainly has intended otherwise. *Rasquin* v. *Humphreys,* 308 U. S. 54; *Norwegian Nitrogen Products Co.* v. *United States,* 288 U. S. 294.

It is true, too, that in some cases the characteristics of partnerships as business units have been emphasized, *Forres* v. Commissioner, 25 B. T. A. 154; *Wilson* v. Commissioner, 17 B. T. A. 976 (appeal dismissed, 55 F. 2d 1086); *Burns* v. Commissioner, 12 B. T. A. 1209; Appeal of *Menken,* 8 B. T. A. 1062, while in others the characteristics of partnerships as associations of individuals have been stressed. *United States* v. *Coulby, supra.* Compare *Bence* v. *United States,* 18 F. Supp. 848. These cases, not decided under the Revenue Act of 1932, and turning, as they must, on their own peculiar facts, are little aid in ascertaining the effect to be given to § 23 (r) (1).

It is not true, however, as respondent argues, that the asserted deduction cannot be allowed because petitioner has suggested no way to calculate it properly or to import items of gross income from the partnership informational return. The Board of Tax Appeals expressly found the amount of partnership gains from security transactions and the proportion in which petitioner was to share in the profits of the partnership. 37 B. T. A. 223, 224. Since petitioner's share of these noncapital security gains is greater than his loss of $25,588.93, the limit on deductions set by § 23 (r) (1) is not exceeded.

Our conclusion that this is the proper construction of § 23 (r) (1) is confirmed by the action of Congress since 1932. In 1933 Congress amended § 182 (a) of the Revenue Act of 1932 to deny to individual partners deductions for partnership losses which had been disallowed in the

partnership return, the converse of the instant case. 48 Stat. 195, 209.[3] More significantly, in 1938, after the Treasury Department had ruled to the contrary, G. C. M. 14012, XIV–1 Cum. Bull. 145; I. T. 2892, XIV–1 Cum. Bull. 148, Congress expressly provided for the deduction of individual security losses from similar partnership gains. Revenue Act of 1938, §§ 182–183; 52 Stat. 447, 521.[4] That the amendment of 1933 changed and the Revenue Act of 1938 restored the law of 1932 as we have explained it is plain from the legislative history of the two Acts and of § 23 (r) (1).

*Shearer* v. *Burnet,* 285 U. S. 228, is not contrary to the conclusion we reach here. There the decision turned on the proper construction to be given to § 218 (a) of the Revenue Act of 1924, 43 Stat. 253, 275, and the court correctly concluded that Congress had not intended to allow the asserted credit.

We conclude that petitioner is entitled to the deduction. The decision of the Second Circuit Court of Appeals is reversed, and the case is remanded with directions

---

[3] In Senate Finance Committee Report Number 114 (73rd Congress, 1st Sess.) accompanying the bill, it is stated at page **7**:

"Subsection (d) amends the partnership provisions of existing law. Under existing law the individual members of a partnership are entitled to reduce their individual net incomes by their distributive shares of a net loss incurred by the partnership."

[4] In House Ways and Means Committee Report Number 1860 (75th Congress, 3rd Sess.) accompanying the bill, it is stated at pages 42–43:

"The method of treatment provided in these sections of the bill is a logical corollary of the principle that only the partners as individuals, not the partnership as an entity, are taxable persons and is necessary to give the partners as individuals the benefit of the alternative tax in the case of net long-term capital gains, provided in section 117 (c), with respect to such gains realized upon the sale or exchange of partnership capital assets. It should be noted that this method involves a departure from the principle adopted in the Revenue Acts of 1934 and 1936 . . ."

to remand to the Board of Tax Appeals for proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE ROBERTS, MR. JUSTICE BLACK, and MR. JUSTICE DOUGLAS are of opinion that the judgment should be affirmed.