ROLAND L. TAYLOR, TRUSTEE FOR TAYLOR HARDWICK, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 103468, 103469, 103470, 103471, 103472, 103473, 103474.

Promulgated May 1, 1941.

*James A. Moore, Esq.*, for the petitioners.
*Bernard D. Daniels, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Roland L. Taylor, Trustee for Anita Marjory Hardwick; Roland L. Taylor, Trustee for Roland Taylor Ely; Roland L. Taylor, Trustee for Gordon A. Hardwick, Jr.; Roland L. Taylor, Trustee for Donald Ely; Roland L. Taylor, Trustee for William Newbold Ely, III; and Roland L. Taylor, Trustee for Charles A. Hardwick.

372

OPINION.

STERNHAGEN: 1. The petitioners assail the inclusion in their income of any part of the $62,350.17 received by the trustee under the contract because it was all a "return of capital", the theory being that the $150,000 which petitioners "advanced" was a simple loan and that the $62,350.17 was but a partial collection of the debt. To accept this theory would be contrary to the facts and give an artificial meaning to the contract and to the word "advance" as used in it.

The contract recites that the Gilmort Co. desires to develop its properties and petitioner is willing to advance money for that purpose "for an interest in the property and profits of such business." The contract gave petitioners a substantial interest in the properties and also in the possible profits. To the prescribed extent, petitioners were to finance operations and the acquisition of new properties, and were assured of a larger part of proceeds from early operations than that to which their 30 percent interest entitled them. There was no fixed debt, but only an expansible interest out of production. Petitioners, to the stated extent, shared the hazard. Such a contract can not be placed in the same class with a mortgage, which, irrespective of personal liability for the loan, is a lien on the specified property and presupposes a promise to repay the full amount.

Petitioners had no simple promise to repay, but only the expectation of a business venturer that he would get back more than he put in. Compare *Ortiz Oil Co.* v. *Commissioner*, 102 Fed. (2d) 508; certiorari denied, 308 U. S. 566, which considers the position relative to that of the Gilmort Co. and holds that the amount received from Westbrook and Thompson, who were in a position relatively similar to petitioners here, was not a loan but the price of a sale of oil.

The Commissioner has held that the $62,350.17 was properly to be reduced by deduction for expenses and depletion, and this is as much as petitioners can legally claim. The determination is sustained.

2. The petitioners claim that the commissions paid by their partnership upon the sales and purchases of commodities and the sale of securities are deductible in determining the taxable net income of the partnership. The commissions on sales of securities have been held deductible in *Neuberger* v. *Commissioner*, 104 Fed. (2d) 649, reversed on another point, 311 U. S. 83, and the Commissioner's determination is reversed as to this item. The separate commissions on purchases and sales of commodities can not be ascertained because the broker's bills did not show such a break-down. The evidence shows the rate to be the same, and under similar circumstances it was held that one-half of the total amount was properly attributable to each and a deduction allowed as to the one-half attributable to sales, *George W. Covington*, 42 B. T. A. 601 (on review C. C. A., 5th Cir.). Following that decision, $10,875 is deductible as commissions on commodity sales, and the determination is to that extent reversed.

3. Since no returns were filed by any of the petitioners, the 25 percent penalty is sustained, *Noteman* v. *Welch*, 108 Fed. (2d) 206; *Kathryn Lammerding*, 40 B. T. A. 589, 600 (on review App. D. C.); *Puritan Mills*, 43 B. T. A. 191.

*Decisions will be entered under Rule 50.*