E. G. WADEL, PETITIONER, ET AL.,[1] v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 101243, 101244, 101245, 101246, 101247.

Promulgated July 18, 1941.

*George S. Atkinson, Esq.*, for the petitioners.
*D. D. Smith, Esq.*, for the respondent.

OPINION.

DISNEY: These proceedings, duly consolidated, involve income taxes for the year 1937. The respondent determined deficiencies as follows:

| Petitioner | Docket No. | Deficiency |
|---|---|---|
| E. G. Wadel | 101243 | $207.09 |
| Reba M. Wadel | 101247 | 207.09 |
| Herbert Mallinson | 101246 | 69.98 |
| Beatrice Mallinson | 101245 | 69.98 |
| Clarence Mallinson | 101244 | 141.54 |

Though the respondent, by amended answer, sought increased deficiencies, the petitioner in each case filed reply thereto, admitting the increase sought; therefore such amounts will be reflected in computation of decisions under Rule 50, and only the issues over the deficiencies originally determined remain for our consideration. The questions presented are the same in each proceeding, to wit, whether the petitioner was a member of a partnership, and whether the respondent erred in refusing each petitioner the full benefit of section 117 (d) of the Revenue Act of 1936, and in dividing the $2,000 loss deduction thereunder among the petitioners as members of a partnership.

The parties filed a stipulation of facts, and we find the facts to be as so stipulated. In addition thereto, there were admitted in evidence the partnership return of income (Form 1065) of Mallinson Bros. & Wadel, and the individual income tax returns of the petitioners Clarence Mallinson, Beatrice Mallinson, and E. G. Wadel, all for the year 1937. However, we find therein no material fact not covered by the stipulation and therefore adopt the stipulation as our findings of fact.

---

[1] Proceedings of the following petitioners are consolidated herewith: Clarence Mallinson; Beatrice Mallinson; Herbert Mallinson; and Reba M. Wadel.

So far as necessary to examination of the issues, the facts may be summarized as follows:

At all times material herein the petitioners E. G. Wadel and Reba M. Wadel were husband and wife, domiciled in Texas, with income and deductions for the taxable year upon a community basis. The same is true of petitioners Herbert Mallinson and Beatrice Mallinson. Petitioner Clarence Mallinson was a single man, living in Dallas, Texas. Reba M. Wadel is a sister of Herbert Mallinson and Clarence Mallinson. In February 1936 Reba M. Wadel, Herbert Mallinson, and Clarence Mallinson, in the respective sums of $40,000, $20,000, and $40,000, deposited in a special account in a Dallas bank the total sum of $100,000 for purposes set out in an instrument in writing executed by them. That instrument in substance recited the deposit of the money; the subscription to an investment service issued by a New York company; the intent to follow the advice of that company with reference to investment in securities; the appointment by the three parties of Herbert Mallinson as agent, attorney in fact, and trustee, to use funds for the purpose of buying, selling, and dealing in securities under the advice of the New York company; that the trustee should, if he thought advisable, have securities issued in his own name; that he should not be liable for losses caused by depreciation in value or because of loss of any character resulting from investment of funds, provided he exercised reasonable diligence in acting promptly, prudently and strictly in conformity with the advice of the New York company; that he acknowledged holding the funds or securities coming into his possession, in proportion to the contributions made to the fund; that he should keep complete books and accounts of all transactions open for inspection by the parties; that dividends, interest or other income accruing should be distributed upon receipt thereof to the parties in the same proportions the contributions were made; that he should serve without compensation, but have authority to pay out of funds in his hands the expense charges involved in his operations; that the trust agreement, unless sooner terminated, should continue for the term of one year, renewable from year to year by memorandum endorsement appended, the agreement to be terminated, however, at any time by notice given by any party by mailing to the others; that upon termination of the agreement for any cause the trustee should after payment of all charges and expenses return the funds in the proportion of the capital contributions, and distribute the securities in the same proportion; that any party could, without demanding termination of the trust, direct the trustee, as to such party's share only, not to follow the procedure in accordance with the advice of the New York company, in which case the trustee should notify all other parties; that in case of illness or absence or inability for any cause to perform duties, on the part of the trustee, he should have

power to designate for such period as decided upon by him either Clarence Mallinson or E. G. Wadel as substitute trustee, with the same powers as the original trustee; that in the event of the death of any party to the agreement, the trust should automatically cease and terminate.

The partnership return of income filed by "Mallinson Bros. & Wadel" disclosed income from interest $1,130, from dividends $2,-761.88, a total of $3,891.88, from which was deducted $1,304.26 expenses, leaving $2,587.62, which was reported as distributable to Herbert Mallinson 20 percent, or $517.52; to Clarence Mallinson 40 percent, or $1,035.05; and to Ernest G. Wadel 40 percent, or $1,035.05. Also, there was reported capital gain of $4,670.69, with capital loss of $28,243.89. The partnership return claimed no capital loss. The parties to the agreement, petitioners herein, each reported his distributive share of the $2,587.62 net ordinary income reported on the partnership return, in the respective amounts of $517.52, $1,035.05, and $1,035.05, as above set forth. Herbert Mallinson and wife, Beatrice, each filed an individual Federal income tax return and each reported one-half of the $517.52, and each claimed as capital loss one-half of $4,714.64, the net capital loss allocated to Herbert Mallinson by the partnership return. Reba M. Wadel and her husband, E. G. Wadel, each filed individual Federal income tax returns, each reported one-half of the $1,035.05 net ordinary income reported on the partnership return, and each claimed $2,000 capital loss. Clarence Mallinson in his Federal income tax return reported the $1,035.05 from Mallinson Bros. & Wadel and claimed a capital loss of $2,000.

The Commissioner denied the claims of capital loss set up by the petitioners in their individual returns, allowed a $2,000 capital loss as sustained by the partnership, and correspondingly reduced each individual's distributive share of the net income of the partnership because of the allowance of capital loss not claimed on the partnership return. Each of the petitioners now contends, under section 117 (d), Revenue Act of 1936,[2] for the allowance of a capital loss of $2,000.

Was Mallinson Bros. & Wadel a partnership? The petitioners suggest that the relationship was not that of a partnership, and that under the law of Texas a wife can not be a partner unless declared a

[2] SEC. 117. CAPITAL GAINS AND LOSSES.

\* \* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. If a bank or trust company incorporated under the laws of the United States or of any State or Territory, a substantial part of whose business is the receipt of deposits, sells any bond, debenture, note, or certificate or other evidence of indebtedness issued by any corporation (including one issued by a government or political subdivision thereof), with interest coupons or in registered form, any loss resulting from such sale (except such portion of the loss as does not exceed the amount, if any, by which the adjusted basis of such instrument exceeds the par or face value thereof) shall not be subject to the foregoing limitation and shall not be included in determining the applicability of such limitation to other losses.

trader. This question, however, turns upon the definition of the term in the Federal statute, and not upon state law. *Dolores Crabb*, 41 B. T. A. 686; *H. H. Wegener*, 41 B. T. A. 857; affd., 119 Fed. (2d) 49. That definition in section 1001 (a) (3), Revenue Act of 1936, is broad:

The term "partnership" includes a syndicate, group, pool, joint venture, or other incorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this Act, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization.

We think it obvious that the agreement above epitomized does not set up a mere trust. The partnership return filed indicates recognition by the parties that there was partnership. We hold that Mallinson Bros. & Wadel was a partnership within section 1001 (a) (3).

Did the Commissioner err in allowing the partnership the benefit of section 117 (d) as to capital losses and denying to each individual partner the benefit of the full amount? The petitioners contend that there was no partnership, but that if there was, it was not a taxable entity, that income tax is assessed against the individual and the partnership return is for information only, and suggest as controlling this question the case of *Neuberger* v. *Commissioner*, 311 U. S. 83. We think that case is not here controlling. It construed section 23 (r) (1) of the Revenue Act of 1932 and held thereunder that a member of a partnership might deduct noncapital losses sustained as an individual from his distributive share of partnership gains from such securities. The Court refers to the question as a narrow one, and points out a change in the law in 1933, and a restoration in 1938. Also the Court in a footnote quoted House Ways and Means Committee Report No. 1860 (75th Cong., 3d sess.), as follows:

The method of treatment provided in these sections of the bill (182 and 183) is a logical corollary of the principle that only the partners as individuals, not the partnership as an entity, are taxable persons and is necessary to give the partners as individuals the benefit of the alternative tax in the case of net long-term capital gains, provided in section 117 (c) with respect to such gains realized from the sale or exchange of partnership capital assets. It should be noted that this method involves a departure from the principle adopted in the Revenue Acts of 1934 and 1936 * * *.

Though the petitioner urges that section 117 is so plain that legislative reports should not be consulted for construction, we find it not so clear as urged, and find assistance in Ways and Means Committee Report No. 704, 73d Cong., 2d sess., which clearly indicates the intent of Congress. After pointing out that wealthy partners had applied partnership losses against individual income and the importance of closing any avenue of escape from income tax through use of partnership provision, the report reads:

* * * Under the bill, the partnership will be permitted to deduct losses on the sale of capital assets only to the extent of gains from such sales (sec. 117

(d)). Thus the partnership can have no capital net loss and therefore the partner can have no deduction on account of any capital loss of the partnership. In this way the main source of the tax avoidance by banking and security partnerships in the past can be eliminated.

The Senate report recommended that the House bill be modified in section 117 (d) to permit charge-off of capital losses to the extent of capital gains, plus $2,000; and in this form the provision became law as section 117 (d) of the Revenue Act of 1934. It thus appears that under the 1934 Revenue Act and the 1936 Revenue Act, in which there was no change, Congress plainly intended that a partner should not have as a deduction against his individual income any capital loss of the partnership, contrary to the contention of the petitioners herein. The specific reference in the committee report to section 117 (d), herein involved, seems conclusively to indicate that the *partnership* was, under the statute being enacted, to be "permitted to deduct losses" on capital assets, and to negative the idea that the individual only was so entitled to deduction. We conclude and hold that under section 117 of the Revenue Act of 1936 the Commissioner did not err in allowing the capital loss to the partnership and disallowing it to the partners.

*Decision will be entered under Rule 50.*