## BENJAMIN et al. v. HOEY.

District Court, S. D. New York.

Sept. 15, 1942.

Wellman, Smyth & Lowenstein, of New York City (Thomas J. Kiernan, of New York City, of counsel), for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (Sydney B. Wertheimer, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BRIGHT, District Judge.

This action is to recover $12,970.72, with interest from August 4, 1934, being the amount of a deficiency assessment for income taxes levied against plaintiffs' testator for the year 1932 and paid by him pursuant to notice and demand on the date mentioned. The facts are stipulated.

During 1932 testator was the senior partner of the firm of Benjamin & Ferguson, stock brokers, which firm was engaged in the business of buying and selling securities in New York City. Throughout that year testator was continuously and actively engaged in purchasing and selling securities on his own account and devoted substantially his entire time and attention to such activities. In the course of those individual transactions he paid to his firm during 1932 $66,947.13 as commissions upon purchases and sales made by the firm for his personal account. Testator had a 38% interest in the partnership and its income, and his distributive share of the partnership net income for the year was $31,045.79.

Testator included in his income tax return an alleged loss of $74,369.99 from trading in securities, in which were included commissions and floor brokerage paid by him on sales and purchases. These losses were disallowed by the Commissioner of Internal Revenue and resulted in the deficiency assessment first mentioned.

After payment of the assessment testator filed application for refund, alleging that the commissions paid were deductible as business expenses, or that, in the alternative, so much of the commissions paid to the partnership as constituted testator's proportionate share of the partnership income were deductible as moneys paid to himself. The claim was rejected and this suit followed.

The issues originally involved were: (1) Were commissions paid on purchases of securities deductible under section 23(a) of the Revenue Act of 1932, 26 U.S.C.A. Int. Rev.Acts, page 489; (2) were commissions paid on sales deductible under the same section; and (3) does the fact that the taxpayer paid $66,947.13 in commissions to his partnership permit him to deny that such commissions constituted income to him in so far as they were returned to him as part of his distributive share of the partnership income?

■ The first of these issues was decided adversely to plaintiffs in Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52, and the second by the decision in Spreckels v. Helvering, Com'r Int.Rev., 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073, rendered since the trial of this action.

As to the remaining issue, plaintiffs contend that their testator paid the $66,947.13 to his firm although his own time, effort and capital were utilized in execution of such orders; but his share in the partnership net income being $31,045.79, he was in reality paying to his partners $35,901.34 and in no real sense was there a payment to him of $31,045.79; and that this latter amount was erroneously included in his income tax return, and he would, therefore, be entitled to a refund.

Defendant contends that this is without merit in view of the decision of this Circuit in Commissioner v. Neuberger, 104 F.2d 649, reversed 311 U.S. 83, 89, 61 S.Ct. 97, 85 L.Ed. 58; and that even if that decision did not rule out plaintiffs' contention, plaintiffs, having the burden of proof to establish the validity of the claimed deduction, are not entitled to a deduction of 38% of the gross commissions paid to the partnership in 1932 because against such commissions must be charged the expense to the partnership of handling the taxpayer's individual accounts, the amount and nature of which are not set forth in the evidence.

■■ It seems to me there can be no question that the partnership is not the taxpayer. The law merely requires it to file a return and the amounts of net income allocated to the respective partners in that return, assuming them to be properly computed, are to be and are included in the individual returns of the several partners. Neuberger v. Commissioner, 311 U.S. 83–86, 61 S.Ct. 97, 85 L.Ed. 58; Rossmoore v. Commissioner, 2 Cir., 76 F.2d 520, 521; United States v. Coulby, D.C., 251 F. 982–984, affirmed, 6 Cir., 258 F. 27. As stated in the defendant's brief, the partnership filed only an informational return setting forth its net profit and the distributive shares of each partner in such profit, which distributive shares were taxable to each partner on his individual return as part of his gross income. To the extent, therefore, of his interest in the partnership (38% of $66,947.13, or $25,439.91), he was paying commissions to himself through the conduit of the partnership, and such payments were not income taxable to him.

The Neuberger case is not to the contrary. The question here involved, in my opinion, was not decided by this Circuit either directly or inferentially. And the Supreme Court, in its opinion reversing, recognized, I think, that the essential individual identity of the taxpayer's income and his transactions "which plainly would be available to him if he had executed all of them singly" would not be changed if executed in partnership with others. Page 86 of 311 U.S., page 100 of 61 S.Ct., 85 L.Ed. 58.

The partnership return shows that, in order to determine net income, there was deducted sums which included salaries, rent, interest on indebtedness, depreciation, books and stationery, office expenses, brokerage, stamp and check taxes; in other words, the expense of handling the firm's business, including testator's. After those deductions his share in the net was determined. He has, therefore, paid his portion of the expense of handling his individual accounts.

Plaintiffs are entitled to recover from defendant so much of the tax paid for the year 1932 as would follow by the reduction of his net income by the sum of $25,439.91. It is stipulated that if the deduction of $25,439.91 is allowed, the total tax which he should have paid for 1932 is $3,701.75. As shown above he paid $12,970.72. Assuming my computations are correct, plaintiffs are entitled to recover from defendant $9,268.97 with interest from August 4, 1934, with costs and disbursements.

Plaintiffs' attorneys may prepare proposed findings and conclusions and serve a copy on defendant's attorney within fifteen days; defendant's attorney may have ten days in which to make objections to the same, after which I shall file my decision in final form.