**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Jack Jordan AMMANN and Dorothy Lee Ammann, Respondents.**

**No. 15643.**

United States Court of Appeals Fifth Circuit.

Dec. 30, 1955.

Rehearing Denied Feb. 10, 1956.

Grant W. Wiprud, Atty. Dept. of Justice, John Potts Barnes, Chief Counsel Int. Rev. Ser., John M. Morawski, Special Atty., Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Special Asst. to the Atty. Gen., A. F. Prescott, Washington, D. C., for petitioner.

R. B. Cannon, Fort Worth, Tex., for respondent.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is a petition by the government for a review of a decision of the Tax Court.

The question here presented for our determination is whether a taxpayer who sold Section 117(j)[1] assets for a net gain in 1949, and who is thus entitled to capital gains treatment on such gain must offset his share of Section 117(j) net losses, suffered by his partnership, against such individual gain to arrive at the net figure contemplated by this Section, or whether he can get the benefit of capital gain treatment on the gain he enjoyed individually, and also, without combining the two, enjoy ordinary loss treatment on the net loss in the sale of such assets suffered by his partnership.

1. Section 117(j) of the Internal Revenue Code of 1939, 26 U.S.C.A., provides that if the recognized gains upon sales of " 'property used in the trade or business' " as described in the Act (here, for convenience, called "Section 117(j) assets") exceed the recognized losses from such sales, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than six months. If such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets.

The Tax Court held that the partnership losses need not be offset to reduce the individual gains.[2]

A stipulation of the parties was adopted by the Tax Court as its findings of fact. As revealed by the stipulation and the exhibits thereto, the facts material to this appeal may be summarized as follows:

Taxpayers are husband and wife. They filed a joint return for the calendar year 1949. Throughout the same year the husband was a member of a partnership styled Ammann-McNabb, Ltd.

In 1949 the husband individually realized net gain in the amount of $8,586.87 from the sale of capital assets and/or depreciable assets used in his trade or business, which was that of photogrammetric engineering. This gain is reported on Schedule D, line 6, of taxpayers' joint return for 1949. In the same year the partnership, Ammann-McNabb, Ltd., sustained losses totaling $4,343.74 from the sale of depreciable assets used in the trade or business of the partnership, of which the husband-taxpayer's pro rata share was $3,257.81. The partnership losses are reported in Schedule A of the partnership return for 1949. With respect both to the individual gain and the partnership losses, the depreciable assets involved had been held for more than six months.

In the 1949 partnership return the losses described above were deducted in full in calculating the net partnership loss for the year, which was computed as totalling $26,603.06. Of this net loss $19,952.30 was carried to taxpayers' joint return, as the husband-taxpayer's distributive share, and deducted in full in computing taxpayers' net income. As for the husband—taxpayer's individual net gain of $8,586.87 from the sale of depreciable business assets, the taxpayers took 50% of this into account as long-term capital gain.

The Commissioner determined that the 1949 partnership losses of $4,343.74 from the sale of depreciable business assets constituted a Section 117(j) loss; that the husband-taxpayer's distributive share of that loss was $3,257.81; and that this share had to be offset against the husband-taxpayer's individual gain in 1949 from the sale of depreciable business assets. Accordingly, in the Commissioner's explanation of adjustments the husband-taxpayer's distributive share of the partnership's losses from the sale of depreciable business assets was separated from his distributive share of the partnership's other losses, and was offset against his individual gain of $8,586.87 from the sale of depreciable business assets.

The decision in this case rests entirely upon our determination as to whether the law is settled by Neuberger v. Commissioner, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. 58. Unless an amendment to the statute in 1938 had the effect of making Neuberger inapplicable, we are clearly bound by the Supreme Court's decision there and must reverse the Tax Court decision.

The issue in the Neuberger case was whether a taxpayer who suffered individual losses from non-capital security transactions could deduct such losses where the partnership of which he was a member had gains of the same nature, and where he had no individual gains against which he could offset his losses.[3]

The Commissioner in that case took the opposite view from that which he takes here—that is, in Neuberger he argued that the individual and the partnership were two separate entities and, since the partnership income was to be computed in the same way as an individual's and only the net distributive share was to be considered in computing the individual's taxable income, the items themselves did not retain their identity

The opinion of the Tax Court is reported at 22 T.C. 1106.

3. The taxpayer's right to count as his own his distributive share of the partnership gains was critical because under the statute he could deduct losses from such transactions only to the extent that he had gains of the same nature.

in the individual return, thus one could not be offset against the other. The Court rejected this argument, saying:

"It is not to be doubted that in the enactment of Section 23(r) (1) Congress intended not only to deal with individual security gains and losses, but also to permit losses suffered in partnership security transactions to be applied against partnership gains in like transactions. It does not follow, however, and the language of the statute does not provide, either expressly or by necessary implication, that losses sustained in an individual capacity may not be set off against gains from identical though distinct partnership dealings."

Neuberger v. Commissioner, 311 U.S. 83, at page 88, 61 S.Ct. 97, at page 101.

The Court also rejected the argument advanced there by the Commissioner and here urged by respondent, to the effect that specific inclusion in the statute of provision for retention of the identity of two other types of gains and losses was inconsistent with the theory that the identity of this type of gain or loss, not mentioned specifically, was also to be preserved.[4] Nevertheless, the Court said:

"Nor is the deduction claimed here precluded because Congress, in Sections 184–188, has particularized instances where partnership income retains its identity in the individual partner's return. The maxim *'expressio unius est exclusio alterius'* is an aid to construc-

tion not a rule of law. It can never override clear and contrary evidences of Congressional intent. United States v. Barnes, 222 U.S. 513, 32 S.Ct. 117, 56 L.Ed. 291."

This Court had arrived at a similar result in the case of Jennings v. Commissioner, 5 Cir., 110 F.2d 945, 946. There the question was whether under provisions of the Revenue Act of 1936, allowing deductions for wagering transactions " 'only to the extent of the gains from such transactions' ", the taxpayer could reduce his share of the partnership gains by the inclusion of his individual wagering losses. Although no such provision was included in the provisions of Sections 184–188, this Court held that in effect individual gains and losses should be treated as one with the individual's share of the partnership's gains and losses, and held he could offset his losses against the partnership's gains.

Respondent here makes the contention that neither the Jennings case nor the Neuberger case is applicable, because an amendment to the Internal Revenue Act in 1938 has settled the question against such treatment. The only change pointed to specifically by respondent in his brief is the addition to Section 182(c) of the Internal Revenue Act of 1938, 26 U.S.C.A.Int.Rev.Acts, p. 1086, of the words "computed as provided in section 183(b)", as will appear from the text of the statute in the margin.[5]

---

4. Sections 184–188, of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, pp. 545, 546, provided expressly that certain types of gains and losses were to be separately reported when computations were made and the partnership income was carried, into the individual return. Gains and losses from the sale of non-capital assets were not among those specifically mentioned.

5. "§ 183. Computation of partnership income
"(a) General rule. The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual, except as provided in subsections (b), (c), and (d).
"(b) Segregation of items.

"(1) Capital gains and losses. There shall be segregated the gains and losses from sales or exchanges of capital assets.
"(2) Ordinary net income or loss. After excluding all items of gain and loss from sales or exchanges of capital assets, there shall be computed—
"(A) An ordinary net income which shall consist of the excess of the gross income over the deductions; or
"(B) An ordinary net loss which shall consist of the excess of the deductions over the gross income."
"§ 182. Tax of partners
"In computing the net income of each partner, he shall include, whether or not distribution is made to him—

Respondent argues that the mandate that in computing the net income of each partner he shall include his distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in Section 183(b), excludes the possibility that after such distributive share is included on the return of the individual in computing his net income, the items of Section 117(j) gains or losses can so retain their identity as to be combined with his individual gains or losses of the same character.

The fallacy of this argument is that the same situation obtained at the time the Supreme Court decided the Neuberger case. The words "computed as provided in section 183(b)" do not in any way change the method of computation of partnership income prior to the addition of this language. It is clear from the Neuberger opinion that the parties and the Court all dealt with the question there presented to the Court on the assumption that partnership income was computed in the same way as an individual's. The addition of this language, therefore, merely embodied in the statute what was already the practice. There is nothing in the legislative history to indicate that Congress was changing the administrative practice by the amendments enacted in 1939.[6]

The controlling principle of law in this case has been established by the Supreme Court, and in a clearly analogous situation we have previously adopted the same view, which is contrary to that announced by the Tax Court in this case.

The decision of the Tax Court must, therefore, be reversed and the case remanded for entry of judgment in favor of the Commissioner.

Reversed and remanded.

"(a) As part of his gains and losses from sales or exchanges of capital assets held for not more than 6 months, his distributive share of the gains and losses of the partnership from. sales or exchanges of capital assets held for not more than 6 months.

"(b) As part of his gains and losses from sales or exchanges of capital assets held for more than 6 months, his distributive share of the gains and losses of the partnership from sales or exchanges of capital assets held for more than 6 months.

"(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183(b)."

6. To the contrary, the legislative history makes it clear that no change was effected: H.Rep. #1860 on Revenue Bill of 1938, page 47: "Section 182(c), which provides that a partner, in computing his net income, shall include his distributive share of the 'ordinary net loss,' accords with the Revenue Act of 1936 and prior acts under which the same result has been reached without an expressed statutory provision."