COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Jacob (Jay) PALEY and Lillian Paley, Respondents.

No. 14792.

United States Court of Appeals Ninth Circuit.

April 12, 1956.

Rehearing Denied May 29, 1956.

**916**

H. Brian Holland, Asst. Atty. Gen., Harry Marselli, Ellis N. Slack, A. F. Prescott, Grant W. Wiprud, Special Assts. to Atty. Gen., for petitioner.

Wright, Wright, Green & Wright, S. Earl Wright, Loyd Wright, Clayton M. Hurley, Los Angeles, Cal., for respondents.

Before ORR and CHAMBERS, Circuit Judges, and JERTBERG, District Judge.

JERTBERG, District Judge.

The sole question presented by the petition for review is whether or not the computation of the taxpayers' net gains or losses under Section 117(j) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(j), must include the taxpayers' share of partnership gains or losses under Section 117(j).

A stipulation of the parties was adopted by the Tax Court as its findings of fact. As revealed by the stipulation and the exhibits thereto, the facts material to this appeal may be summarized as follows:

Taxpayers were husband and wife. They filed joint returns for the years 1948 and 1949. During the same period the husband was associated with Joseph M. Schenck in a partnership (referred to therein as Arrowhead) which filed partnership returns for the fiscal years ending October 31, 1948 and October 31, 1949. The husband owned a 50% interest in the profits of the partnership.

In 1948 taxpayers sustained a casualty fire loss. It was stipulated that this loss was of the type described in Section 117 (j) of the Internal Revenue Act; and that the correct amount of the loss was $44,420.12. In 1949 the taxpayers sustained an individual proprietorship net loss in the amount of $106,214.98. It was stipulated that this loss, also, was of the type described in Section 117(j).

The Arrowhead partnership sold the Arrowhead Springs Hotel prior to the tax years in question; and realized gains therefrom in 1948 and 1949. It was stipulated that these gains were of the type described in Section 117(j) of the Internal Revenue Act of 1939. It was further stipulated that the taxpayer-husband's share of these gains for 1948 was $37,675.62 and his share for 1949 was $28,333.28.

In their joint returns for 1948 and 1949, the taxpayers deducted in full their individual Section 117(j) losses in computing their net income. As for the taxpayer-husband's share of the Arrowhead partnership Section 117(j) gains, the taxpayers took 50% of these into account as long term capital gains.

Upon auditing taxpayers' returns for 1948 and 1949, the Commissioner determined a deficiency upon the grounds, inter alia, that the taxpayer-husband's share of the Arrowhead partnership Section 117(j) gains for 1948 and 1949 should have been taken into account 100%, together with the taxpayers' in-

dividual Section 117(j) losses, in computing the single Section 117(j) net figure.

The Tax Court ruled that taxpayers' manner of reporting separately and individually their partnership Section 117(j) items was correct. The Tax Court rested its decision on the case of Jack Jordan Ammann, 22 T.C. 1106. The facts of that case are identical to the facts of this case, except that the partnership sustained the losses and the partners realized the gains, which is the converse of the instant case. The same treatment, however, should be applied to both situations.

The Tax Court in the Ammann case held that Section 117(j) (2) losses or gains of a partnership do not enter into the Section 117(j) (2) computation of a partner. Since the petition for review was filed in this case, the decision of the Tax Court in the Ammann case was reversed by the Circuit Court of Appeals for the Fifth Circuit on December 30, 1955, 228 F.2d 417, and a petition for rehearing was denied on February 10, 1956.

The Fifth Circuit Court of Appeals rested its decision reversing the Tax Court, upon the decision of the Supreme Court of the United States in Neuberger v. Commissioner, 311 U.S. 83, 61 S.Ct. 97, 99, 85 L.Ed. 58.

The issue in the Neuberger case was whether or not a taxpayer who suffered losses from non-capital security transactions could deduct such losses when the partnership of which he was a member had gains of the same nature, and when he had no individual gains against which he could offset his losses.

The Neuberger case involved Section 23(r) of the Revenue Act of 1932, 26 U. S.C.A.Int.Rev.Acts, page 493, which provided that " 'losses from sales or exchanges of stocks and bonds * * * which are not capital assets * * * shall be allowed (as deductions from gross income) only to the extent of the gains from such sales or exchanges * * *.' " The taxpayer there had sus-tained losses of the nature described by section 23(r), in the same year that a partnership of which he was a member had realized gains of the same nature. The Supreme Court stated: "It is not to be doubted that in the enactment of Section 23(r) (1) Congress intended not only to deal with individual security gains and losses, but also to permit losses suffered in partnership security transactions to be applied against partnership gains in like transactions. It does not follow, however, and the language of the statute does not provide, either expressly or by necessary implication, that losses sustained in an individual capacity may not be set off against gains from identical though distinct partnership dealings. If the individual losses are actually incurred in similar transactions it cannot justly be said that the same deduction is taken a second time, or that the real purpose of the statute, which is ultimately to tax the net income of the individual partner, would thereby be impaired." Neuberger v. Commissioner, 311 U.S. 83, 88, 61 S.Ct. 97, 101.

Implicit in that decision was the principle that partnership income was to be computed in the same way as an individual's. Respondents contend that legislative changes since the Internal Revenue Act of 1932, and specifically the Revenue Code of 1939, have made the Neuberger decision inapplicable. In their "Additional Points and Authorities", filed following the oral argument, respondents cite the case of Commissioner of Internal Revenue v. Lamont, 2 Cir., 156 F.2d 800, 804, certiorari denied 329 U.S. 782, 67 S.Ct. 203, 91 L.Ed. 671. That case involved the 1936 Revenue Act, and presented the converse of the Neuberger case, namely, the offsetting of partnership losses against individual capital gains, in computing a partner's income tax for 1937. The Court stated the rationale adopted by it as follows:

" * * * That is in short that the elimination of § 186 of the 1932 Act and the change in system of computing and allocating capital net losses and gains, including the specific allowance of a

$2,000 deduction, render any further prohibition of a deduction unnecessary to make clear the intent of the 1934 and 1936 Acts. Under the circumstances, the inclusion of a new and more extensive negative—which is the real demand of taxpayer and the Tax Court—would have seemed a work of supererogation indeed." Commissioner of Internal Revenue v. Lamont, supra, 156 F.2d at page 804. In other words, the Court found in the Lamont case, that Congress had prohibited the offsetting of the losses claimed. Admittedly, the case under review is controlled by the Internal Revenue Act of 1938, and we find nothing in the legislative changes in the 1934 and 1936 Revenue Acts which indicate a Congressional intent to support the respondents' contention.

Section 183 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 183 provides that the net income of a partnership shall be computed in the same manner and on the same basis as in the case of an individual, except as provided in subsections (b), (c) and (d). Subsection (b) (1) provides that there shall be segregated the gains and losses from sales or exchanges of capital assets. Section 182 provides that in computing the net income of each partner, he shall include, whether or not distribution is made to him, as a part of his gains and losses from sales or exchanges of capital assets held for not more than six months, and for more than six months, his distributive share of the gains and losses of the partnership from sales or exchanges of capital assets held for not more than six months and for more than six months, and (c) "his distributive share of the ordinary net income or the ordinary net losses of the partnership, computed as provided in section 183(b)." Respondents argue that if Congress had intended partnership Section 117(j) gains and losses to be segregated and carried over into the individual returns of the partners, and there combined with the partners' other Section 117(j) gains and losses, Congress would have amended Section 183(b) in the Revenue Act of 1942, when Section 117(j) was enacted, to provide that Section 117(j) gains and losses, as well as capital gains and losses, be segregated.

Section 117(j) was enacted to permit the taxpayer to receive capital gain treatment on his net gains under Section 117(j), in order to preclude hardship. Congress had the taxpayer in mind, and not the partnership, which is not a taxpayer. It is an accounting unit. The taxpayer's distributive share of partnership gains and losses under Section 117 (j) must be included in computing his net gains or losses of that nature, if the intent of Congress is to be accomplished. The underlying concept of Section 181 is that the partners are the taxpayers. It is the partners collectively who realize directly partnership gains and sustain directly the partnership losses.

The fact that Congress, by Section 183, requires segregation of capital gains and losses, and net income or losses, in computation of partnership income, does not exclude the segregation and the resulting aggregation between the partnership and the individual partners of all other items. To adopt such a view would ascribe to Congress the intent that a taxpayer should benefit twice from Section 117(j) in the same year, receiving capital gain treatment as to his share of partnership gains and at the same time benefit from the deduction in full of his individual losses of the same nature. We find nothing to indicate that Congress intended such an inequitable and unsound application of Section 117(j).

The maxim, " 'expressio unius est exclusio alterius' " was rejected under analogous situations by the Supreme Court in the Neuberger case, and in the case of Jennings v. Commissioner, 5 Cir., 110 F. 2d 945, certiorari denied Helvering v. Jennings, 311 U.S. 704, 61 S.Ct. 169, 85 L.Ed. 457. We reject it in this case.

The decision of the Tax Court must, therefore, be reversed, and the case remanded for entry of judgment in favor of the Commissioner.