Santos DE LEON CRUZ, Plaintiff,

v.

Wilson M. LOUBRIEL, et al.,
Defendants.

Civ. No. 81–2107.

United States District Court,
D. Puerto Rico.

May 5, 1982.

Noel Zamot, Hato Rey, P.R., for plaintiff.

Howard Charles, Fed. Lit. Div., Dept. of Justice, San Juan, P. R., Curbelo & Nuñez, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

Plaintiff in this case, a veteran employed by the Ports Authority of Puerto Rico (the Authority or Agency) is trying to invalidate in this court a transfer ordered by the Agency from its present assignment as Recruitment Specialist to one as Budget and Systems and Methods Specialist. The transfer ordered by the Agency is characterized as discriminatory by plaintiff, who filed this action requesting injunctive relief and damages against the Agency and its principal officers.

We denied the temporary restraining order requested and thereafter ordered plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Plaintiff has appeared and filed a memorandum of law in support of his contention that this court has jurisdiction pursuant to 38 U.S.C. Section 2012. (Pub.L. 94–502 Title VI, Sections 605, 607(2) Oct. 15, 1976, 90 Stat. 2405). After examining plaintiff's arguments and the law upon which he relies we remain unpersuaded. The conclusion that we lack jurisdiction to entertain the complaint herein is inescapable and consequently this action shall be dismissed.

The facts of the case which are not in controversy show that plaintiff is a disabled veteran who has been employed by the Ports Authority of Puerto Rico as Recruit-

ment Specialist. The plaintiff is a "handicapped individual" within the meaning of the Rehabilitation Act of 1973. (29 U.S.C. § 706(6)) By letter of October 15, 1981 the Executive Director of the Authority notified plaintiff that he was being transferred from his position as stated before to one as Budget Specialist, Systems and Methods in the Budget Office of the Authority. It has not been alleged that the transfer ordered entails any decrement in plaintiff's status or salary. Likewise, there is no allegation that the work conditions will be worse in the new assignment and although not totally clear, it seems that the physical location of the office to which plaintiff has been assigned is located in the same building or general area as before.

Title 38 U.S.C. Section 2012(b) controls and it now reads as follows:

"(b) If any special disabled veteran or veteran of the Vietnam era believes any contractor of the United States has failed to comply or refuses to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations." [1]

■ Since no complaint was filed by plaintiff with the Veterans Employment Service of the Department of Labor prior to the present action, as mandated by Section 2012(b) and since he has ignored the administrative scheme devised by Congress, the complaint filed in this court cannot prevail. See *Marin v. New York Dept. of Labor*, 512 F.Supp. 353 (S.D.N.Y.1981).

Furthermore, it seems clear to us that no private cause of action is established in section 2012 for an aggrieved veteran to file in federal court. By its clear terms the remedy afforded is to be obtained through the mechanism mentioned therein: by filing a complaint with the Veterans Employment Service of the Department of Labor.

■ A basic principle of statutory construction is that when legislation expressly provides a remedy, the courts should not expand the coverage of the statute to subsume other remedies. *Nat. R. R. Passenger Corp. v. Passenger Assn.*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646. If the statute provides the way in which a remedy is to be obtained, such a command negates the use of any other way. "But even the most basic principles of statutory construction must yield to clear contrary evidence of legislative intent." *Neuberger v. Commissioner*, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. 58 (1940).

In accordance with the above, we turn now to the legislative intent of 38 U.S.C. 2012. Senate Report No. 94–1243, U.S.Code Cong. & Admin.News 1976, p. 5241, regarding the Veterans Education and Employment Assistance Act of 1976, (P.L. 94–502, 90 Stat. 2383) [2] reads as follows in its pertinent part:

"Section 605—This section amends section 2012 concerning veterans' employment emphasis under Federal contracts to require the Secretary to include in the annual report (required by section 2007) detailed information as to complaints filed pursuant to section 2012(b). Under

---

**1.** Section 2012(b) as amended in 1976 read: "(b) If any disabled veteran or veteran of the Vietnam era believes any contractor has failed or refused to comply with the provisions of the contractor's contract with the United States, relating to the employment of veterans, or if any veteran who is entitled to disability compensation under the laws administered by the Veterans Administration believes that any such contractor had discriminated against such veteran because such veteran is a handicapped individual within the meaning of section 7(6) of the Rehabilita-

tion Act of 1973 (29 U.S.C. 706(6)) such veteran may file a complaint with the Veterans' Employment Service of the Department of Labor. Such complaint shall be promptly referred to the Secretary who shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant consistent with the terms of such contract and the laws and regulations applicable thereto."

**2.** See also P.L. 96–466, Oct. 17, 1980; 94 Stat. 2206.

2012(a) each party contracting with the United States in the amount of $10,000 or more for the procurement of personal property and nonpersonal services (including construction) is required 'to take affirmative action to employ and advance in employment qualified disabled veterans and veterans of the Vietnam era.' Although this unneeded provision was included as section 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974, regulations implementing the section only became effective on July 28, 1976.

The Committee intends that the complaint procedures outlined in section 2012(b) to afford remedies to those disabled and Vietnam era veterans who believe that a contractor has failed to comply with the affirmative action provisions *be actively implemented and enforced by the Department of Labor.* In this connection the Committee is deeply distressed over the failure of the United States Employment Service to seek greater compliance with the mandatory listing requirements codified at section 2007. The Committee believes that inclusion in the annual report of the number of complaints filed pursuant to section 2012(b) of the action taken thereof, and the resolution thereof will provide additional information to enable the Committee to gauge the effectiveness and efficiency of the affirmative action program.

Section 605 also requires the Secretary to include in his annual report the number of contractors listing suitable employment openings, the nature, types and number of such positions, and the number of veterans who receive priority in regard to the listed openings. At the present time, sections 2012(a)(1) and (2) require each contractor with a contract with the Federal Government of greater than $10,000 to list suitable job openings with the appropriate local employment office. Veterans then receive priority in regard to such employment openings. 5 U.S. Code Cong. & Ad.News, 2d Session 1976, pp. 5367–5368. (Emphasis added) [3]

It is clear from the above that the purpose of section 2012(b) was to provide veterans a remedy against contractors who discriminate against them or that fail to comply with the affirmative action provision embodied therein. But the remedy is to be implemented and enforced by the Department of Labor and not by the judiciary.

■ The courts must abstain from granting judicial relief for a threatened injury until the administrative remedy provided by law has been exhausted. This exhaustion doctrine has its roots in *McKart v. U. S.,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194, (1969), reiterated by the United States Court of Appeals for the First Circuit in *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770 (1st Cir. 1981) and *Wilson v. Sec. of HHS,* 671 F.2d 673, 677 (1st Cir. 1982). The application of this doctrine

"(A)llows the agency to develop a factual record, to apply its expertise to a problem, to exercise its discretion, and to correct its own mistakes, all before a court will intervene. Insofar as specialized administrative understanding is important, the doctrine thereby promotes accurate results, not only at the agency level, but also by allowing more informed judicial review. By limiting judicial interruption of agency proceedings, the doctrine can encourage expeditious decision making. Insofar as Congress has provided that an agency will decide a matter in the first instance, to apply the doctrine normally furthers specific Congressional intent. And, as a general matter, the doctrine promotes a sensible division of tasks between the agency and the court. Litigants are discouraged from weakening the position of the agency by flouting its processes, while court resources are reserved for dealing primarily with those matters which could not be resolved administratively. Thus, the doctrine serves the interests of accuracy, efficiency, agency autonomy and judicial economy."

**3.** This Senate Report is relevant to our analysis of Section 2012(b) as it stands now because

there are no substantial differences between the 1976 and 1980 amendments to that section.

*Wilson v. Sec. of HHS, supra,* at page 677.

Since we find that plaintiff did not exhaust the administrative remedy required by law and since section 2012(b) does not provide a private cause of action, we must dismiss.

In view of the foregoing, it is ORDERED that the complaint herein be and is hereby DISMISSED.

The Clerk shall enter judgment accordingly.

SO ORDERED.