United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  06-40668
_____


JIMMIE RUTH SMITH, Individually and as Representative
of the Estate of Larry D. Smith, deceased,

                              Plaintiff-Appellee-Cross-Appellant,

                   versus

STONEBRIDGE LIFE INSURANCE CO, formerly known as
J C Penny Life,

                              Defendant-Appellant-Cross-Appellee.


_____

Appeals from the United States District Court
for the Eastern District of Texas
(USDC No. 2:05-CV-04-DF)

_____


Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Stonebridge Life Insurance Company appeals the district court's summary judgment

that Jimmie Ruth Smith recover $75,000 under a life insurance policy.  Smith cross appeals

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

the district court's dismissal of her claims of breach of contract and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. We reverse the judgment awarding policy recovery and affirm dismissal of the state law claims for the following reasons:

1. The all terrain vehicle ("ATV") at issue is not a "private passenger automobile" within the meaning of the insurance policy. The policy defines a "private passenger automobile" as "a four-wheeled automobile which is not licensed to carry passengers for hire and which is of the pleasure type, including a station wagon, van, jeep, or truck type with a factory rating load capacity of 2,000 pounds or less or self-propelled motor home type vehicles." The district court correctly looked to the contract's definition of "private passenger automobile," but the district court focused on the description "of the pleasure type" and did not accord the ordinary meaning of the term "automobile." An "automobile" is "a usually four-wheeled automotive vehicle designed for passenger transportation." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 121 (deluxe ed. 1998). Applying this plain meaning, an ATV is not an automobile because it is not designed for passenger transportation and is not licensed for travel on highways and roads. Smith argues that we should apply the canon *expressio unius est exclusio alterius*, but that canon is only an aid to the resolution of ambiguities. *Neuberger v. Commissioner*, 311 U.S. 83, 88, 61 S. Ct. 97, 101 (1940). Here there is no ambiguity. As the owner's

manual and manufacturer warnings make clear, the ATV is not designed to carry passengers and therefore is not a private passenger automobile.

2. Because there is no coverage under the insurance policy, there is no liability for breach of contract or for violations of the DTPA or Texas Insurance Code. *See*, *e.g.*, *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001).

AFFIRMED IN PART; REVERSED IN PART; CAUSE REMANDED FOR DISPOSITION

3