**CITY BANK FARMERS TRUST CO. et al.
v. UNITED STATES.**

No. 45470.

Court of Claims.

Oct. 5, 1942.

Herbert Stern, of New York City (Aaron W. Berg, of New York City, on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

Plaintiffs, as trustees for Virginia H. Berg, contend that the sale by them of their interest in the partnership of E. A. Pierce & Company on December 31, 1936, was the sale of a capital asset held by them since the death of their testator, Clarence J. Housman, on November 13, 1932, and for more than two years and not for more than five years under and within the meaning of section 117(a) and (b) of the Revenue Act of 1936 and that, therefore, only 60 percent ·of the gain realized upon such sale of their interest in the partnership in December 1936 should have been included in computing the net income of the trustees for 1936.

Clarence J. Housman was at the time of his death, November 13, 1932, a limited partner of the firm of E. A. Pierce & Company under a partnership agreement dated January 18, 1930. The partnership agreement, as amended from time to time prior to his death, provided that the as-signee of the limited partnership should have the right to become a substitute limited partner and, further, that the term "assignee" should include the executor, administrator, committee or other legal representative of a limited partner. The decedent was entitled to share in the profits of the partnership in the proportion of 3⅓ percent, but was not liable for any losses in excess of his respective capital contributions.

By agreement of December 16, 1933, after Housman's death, it was further agreed that the capital contribution of Clarence J. Housman should be continued by his estate and that the estate, as assignee, should continue to share in the partnership profits and losses to the same extent as he had prior to his death.

Upon the death of Clarence J. Housman, his interest in the partnership of E. A. Pierce & Company passed to the executors of his estate and was held by them until August 1, 1936, upon which date one-half of his interest in the partnership was transferred to the plaintiffs herein as trustees of the trust for Virginia H. Berg, and the other half was transferred to the plaintiffs, as trustees, of the trust for Ruth H. Cowen. Plaintiffs, as trustees, held the partnership interest of the decedent until December 31, 1936, at which time they sold it for $189,550.25. (This represents one-half of the sales price of the full partnership interest.)

On the date of the sale, the cost basis of the partnership interest was evaluated at $119,364.45, this figure representing the fair valuation of the interest as of the date of Housman's death, as reflected in the estate-tax return, and upon which a Federal estate tax was paid, plus all gains and minus all losses which were included in the income-tax return regularly and properly filed by the estate. In due course plaintiffs, as trustees, filed an income-tax return for 1936 showing a taxable income of $44,819.59. In the Federal fiduciary return form, upon which this return was based, plaintiffs reported as taxable income only 60 percent of the gain realized on the sale of the partnership interest on the ground that the gain realized from the sale had been the result of the sale of a capital asset which had been held by the taxpayers for more than two and not more than five years.

The Commissioner determined a deficiency in respect of the tax due by the

Virginia H. Berg trust of $5,691.46 in excess of the tax of $7,939.07 paid upon the return. In arriving at this deficiency a cost basis for the sale of the partnership asset of $124,230.24 was used, resulting in a total profit of $130,640.01, of which one-half, or $65,320, was attributable to the trust for Virginia H. Berg. A total taxable profit of $58,985.57 for this trust was determined. In computing the percentage of gain to be taken into account, it was determined that, of the aggregate proceeds of $379,100.49, the amount of $91,173.60 represented assets held two to five years, of which 60 percent of the profit was taken into account; the amount of $1,469.83 represented assets held one to two years, of which 80 percent was taken into account; and the amount of $286,-457.06 represented assets held less than one year, of which 100 percent of the profit was taken into account.

The question presented is whether, when a partner sells his interest in a partnership business, the holding period for the purpose of applying the percentage rate specified in section 117 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 873, is to be measured from the date of the partner's acquisition of the partnership interest, or whether the holding period is to be measured from the date or dates of acquisition by the partnership of the specific partnership assets which the partnership owned at the date of sale of the "partner's interest." Section 117 provides as follows:

"(a) General rule. In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

"100 per centum if the capital asset has been held for not more than 1 year;

"80 per centum if the capital asset has been held for more than 1 year but not for more than 2 years;

"60 per centum if the capital asset has been held for more than 2 years but not for more than 5 years;

"40 percentum if the capital asset has been held for more than 5 years but not for more than 10 years;

"30 per centum if the capital asset has been held for more than 10 years.

"(b) Definition of capital assets. For the purposes of this title, 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business."

Plaintiffs' contention in substance is that the capital asset which they sold on December 31, 1936, was their "interest" in the partnership of E. A. Pierce & Company, that is, their right to share in the profits and losses, which they acquired November 13, 1932, upon the death of Clarence J. Housman, a member of the partnership, and that they were therefore liable to tax upon only 60 percent under section 117 of the gain realized. In other words, plaintiffs contend for the separate entity theory of a partnership and argue that the partnership interest is by its very nature separate and distinct from the specific assets owned by the partnership itself; that it consists of certain rights against the other partners, but does not include any title or assignable interest in and to a pro rata share of the specific partnership assets. They, therefore, insist that the date when the "interest" in the partnership, as such, was acquired by them should mark the date of the beginning of the holding period. We cannot agree.

█ For Federal tax purposes in the absence of a specific statutory provision to the contrary, a partnership is treated, and therefore must be considered, as an association of individuals who are vested with an interest in the specific property of the partnership. This has become increasingly clear under recent decisions.

█ In Craik v. United States, 31 F. Supp. 132, 134, 90 Ct.Cl. 345, 350, 351, this court said: "The treatment of partnership income on the same basis as though it had been received by the partner directly is consistent with the common-law idea of a partnership. At common law, the personal property of the partnership was held not by the partnership, but by the partners in common. Real estate was held by an individual for the benefit of the partnership, because a partnership was not an entity and, therefore, could not hold the title. Each partner was liable for the debts of the partnership on the theory that they were the partners' debts and not the debts of the partnership. Each

partner was the agent for the other partners in the carrying out of their common purpose. The income earned by the partnership was regarded as having been earned by each of the individual partners, either by himself individually or through his agents, the other partners." We accordingly held in the Craik case that income of a domestic partnership from sources without the United States retained its character as such when received by one of the partners, a nonresident alien, and should have been excluded from his taxable income as income received from sources without the United States.

■ In Neuberger v. Commissioner, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. 58, the court held that an individual having net losses from sales of noncapital assets not connected with a partnership of which he was a member, was authorized to deduct such losses in computing his individual taxable income from his distributable share of gains of the partnership from sales by the partnership of noncapital assets. In discussing the question, the court, at page 88 of 311 U.S., at page 101 of 61 S.Ct., said: "Sections 181–189 of the Revenue Act of 1932, 47 Stat. 169, 222–223 [26 U.S. C.A. Int.Rev.Acts page 544 et seq.], provide generally for computation and reporting of partnership income. In requiring a partnership informational return although only individual partners pay any tax, Congress recognized the partnership both as a business unit and as an association of individuals. This weakens rather than strengthens respondent's argument that the privileges are distinct or that the unit characteristics of the partnership must be emphasized. Compare Jennings v. Commissioner, 5 Cir., 110 F.2d 945; Craik v. United States, 31 F.Supp. 132 [90 Ct.Cl. 345]; United States v. Coulby, D.C., 251 F. 982, affirmed, 6 Cir., 258 F. 27. Nor is the deduction claimed here precluded because Congress, in Sections 184–188, has particularized instances where partnership income retains its identity in the individual partner's return. The maxim 'expressio unius est exlusio alterius' is an aid to construction not a rule of law. It can never override clear and contrary evidences of Congressional intent. United States v. Barnes, 222 U.S. 513, 32 S.Ct. 117, 56 L.Ed. 291." Upon these decisions we hold that a partnership is to be considered, for the purpose of measuring the holding period of the assets under section 117, as an association of individuals who, for taxing purposes, are vested with an interest in the specific partnership property, and that the defendant properly computed the gain includable in income upon the sale by plaintiffs of their interest in the partnership on December 31, 1936. Most of the assets which the partnership held at that time were acquired in years subsequent to the date of death of Clarence J. Housman on November 13, 1932, and it cannot, therefore, be said that plaintiffs held such assets or a pro-rata interest therein at the date of Housman's death.

Plaintiffs rely strongly on certain provisions of the New York statute—that statute having adopted the uniform partnership act. But we are of opinion that the statute is not controlling here. In Helvering v. Smith, 2 Cir., 90 F.2d 590, the court had occasion to consider the nature of an interest in a partnership under the law of New York and pointed out that the Uniform Partnership Act did not make a firm an independent juristic entity. The court, at pages 591, 592 of 90 F.2d, said:

"With this history before us, it would be a palpable perversion to understand the act as creating a new juristic person, which owned the firm property and was obligor of the firm debts, against which the partners had only a chose in action, and to which they were liable as guarantors.

"Moreover the Revenue Act gives no color to such a theory, but was framed on precisely the opposite plan. From the outset the tax had been imposed on the partners, and their taxable income has included their distributive shares, whether distributed or not."

In Stilgenbaur v. United States, 9 Cir., 115 F.2d 283, the court held that in California, where the Uniform Partnership Act had been adopted, a sale by a retiring partner of his interest to the other partners was a sale of capital assets under section 117(b) of the Revenue Act of 1934. While that case did not involve the holding period, it is applicable in principle to the question here presented. The court, at page 285 of 115 F.2d, said: "Under the California law a partner has three distinct interests arising from his partnership. One is his co-ownership in the specific property of the partnership property, another is his interest in the partnership as such, and the third is his right to participate in the management."

In Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199, and Lyeth v. Hoey, 305 U.S. 188, 191–194, 59 S.Ct. 155, 158, 83 L.Ed. 119, 119 A.L.R. 410, the court held that "State law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law."

Plaintiffs are not entitled to recover and the petition is dismissed. It is so ordered.