Rolf and Ruth M. Jamvold, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 13490.    Promulgated August 5, 1948.

*John L. Bradley, Esq.*, for the petitioners.
*A. J. Hurley, Esq.*, for the respondent.

**OPINION.**

KERN, *Judge*: The question presented in this proceeding is whether petitioner Rolf Jamvold was in the year 1943 a nonresident alien within the meaning of section 212 (a) of the Internal Revenue Code.

The vexed question of residence or nonresidence, which is a mixed question of fact and law, has been before us in a number of recent cases. The decisions in such cases, depending largely upon the intent of a particular individual against the background of facts peculiar to him, must necessarily turn upon the facts disclosed by the record in each case.

In our opinion the case which presents facts more analogous to those of the instant proceeding is that of *Ralph Love*, 8 T. C. 400. The question in that case was the converse of the one now before us. There the question was whether the taxpayer, an American citizen, was a resident of Ireland during the taxable year, or, as the Commissioner contended, was a resident of the United States. The taxpayer, like petitioner Rolf here, had left his own country to engage in war work which entailed his presence for a somewhat indefinite time in a foreign country. While there he fell in love with an Irish girl, to whom he became engaged. He was subject to military service in this country, but he formed the somewhat vague intent of residing in Ireland in the future after the war. We held in that case that the taxpayer was not a resident of Ireland, but was a resident of the United States.

The instant case presents one fact which is a stronger point for the

Commissioner than the comparable fact in the *Love* case, and one fact which is stronger for the petitioners. Here petitioner Rolf married the girl during the taxable year and lived during a part of the year in her home in America. On the other hand, he was actually in the service of his country and under orders from the Norwegian Government.

In both cases the crucial fact is that during 1943, when the fate of Western Civilization hung in the balance, young men who were citizens of the United Nations and found themselves scattered throughout the world in carrying on the war activities of their respective countries, either in the armed services or in work accepted as a temporary substitute for such services, could not, by reason of circumstances, if not of law, form that degree of permanent attachment to the foreign country in which they were stationed which would cause a transfer of their residence from the country which they served to the country in which they served.

In *Audio Gray Harvey*, 10 T. C. 183, the taxpayer before the war was engaged in scientific activities in foreign countries as an employee of an American corporation. He had not had a residence for some years in the United States, but had lived "where he hung his hat." During the taxable year he was carrying on his usual work in Colombia under a three-year contract with his employer. While his work enabled him to gain an occupational deferment from the draft, there was no direct connection between his work and the war effort in that his work was not created by the war effort. The factual distinction between that case and the instant proceeding is obvious.

It is true that in the *Harvey* case we held that the fact that the taxpayer was subject to military service did not in and of itself and as a matter of law preclude a decision that his residence was in a foreign country. However, when that case and the *Love* case are read together, it is apparent that that fact is at least a strong factor militating against a conclusion that the taxpayer has established a residence in a foreign country. In any event, petitioner Rolf was not simply subject to possible military service; he was and had been engaged in serving his country under its direct orders in a war activity vital not only to Norway, but also to the United Nations.

In *John Henry Chapman*, 9 T. C. 619, the alien taxpayer was held to be a resident. In that case, however, we pointed out that at the time of his entry into this country it was contemplated that his stay would be extensive, that his stay was not limited to a definite period by the immigration laws, and that in fact he had lived in this country for over five years. It is significant that in that case the *Love* case was cited with approval. It should also be pointed out that the alien in the *Chapman* case was not a young man engaged in the war effort of his country and acting under its orders, but was engaged in

his usual peacetime vocation, a situation analogous to that present in the *Harvey* case.

Regulations 111, section 29.211–2, provides that "An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances." Rolf's stay in the United States was limited to a definite period by the immigration laws, and the exceptional circumstances present in this case are more persuasive of his nonresidence than of his residence.

A recent case involving the construction of Regulations 111, section 29.211–2, is *Florence Constantinescu*, 11 T. C. 36. In that case the stay of the alien taxpayer in the United States was "limited to a definite period by the immigration laws." During the taxable year she was under orders to depart from the United States at a time which was periodically extended, and during that time she occupied an apartment which she had rented for a term of fifteen months and renewed for twelve months. She stayed in this country from 1940 to 1945. We held under the facts that the taxpayer was a nonresident alien. The instant case is comparable. Here Rolf was not under orders from the United States, but was under orders from Norway. In both cases the nature of the orders indicated the temporary character of the taxpayer's presence in this country. In the *Constantinescu* case the alien could stay in this country only so long as the American Government permitted; in the instant case Rolf could stay in this country only at such times and for such periods as the Norwegian Government permitted.

We conclude that petitioner Rolf was, during the taxable year, a nonresident alien within the meaning of section 212 (a) of the Internal Revenue Code.

*Decision will be entered for petitioners.*