Joseph VAN DER ELST, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 25, Docket 23037.

United States Court of Appeals
Second Circuit.

Argued May 10, 1955.

Decided June 21, 1955.

Jay O. Kramer, New York City, for petitioner, Adolphus G. Redley, New York City, of counsel.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Karl Schmeidler, Special Assts. to the Atty. Gen., for respondent.

Before HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves the petitioner's income tax for the year 1946. Under the provisions of section 211(b), as amended, of the Internal Revenue Code, 26 U.S.C.A. § 211(b), the petitioner, Baron Van Der Elst, has been taxed as a nonresident alien engaged in trade or business in the United States during the first six months of 1946. He contends (1) that he was not so engaged, and (2) that in any event he was not subject to tax on capital gains realized after his departure from the United States on or about June 30, 1946.

The memorandum findings of fact and opinion of the Tax Court are not officially reported. Most of the relevant facts were stipulated. The Baron came to the United States with his family in 1940 as an Attache of the Belgian Embassy. He departed about June 30, 1946 by reason of his appointment as Belgian Ambassador to Portugal, and he has never returned. During the years he was here he was a legal resident and subject of the Kingdom of Belgium. He held a visa issued to him in his status as a diplomat pursuant to statute, 8 U.S.C.A. § 203(1).* Upon his arrival he was stationed in New York City. In 1944 he moved to San Francisco where he became the Acting Belgian Consul

* Now 8 U.S.C.A. § 1101(a) (15) (A).

General, but retained his position as Attache of the Embassy. While in New York in 1943 he was employed by and became vice-president of Heller Candy Company, Inc., a New York corporation. When he was employed it was contemplated that he would render services in connection with advertising and publicity. He retained the office of vice-president until his departure from the United States, and throughout the time he held the office he was compensated at the rate of $100 per week. For the first six months of 1946 he received from the company $2,500, which was reported in his 1946 income tax return under the item "Salaries and other compensation for personal services." Mr. Heller, president of the Candy company, testified that during 1946 the Baron was in San Francisco and did not render any services to the company.

■ Because of Mr. Heller's testimony, which was not contradicted, the petitioner contends that he was not engaged in business in the United States during 1946, despite his receipt of salary as vice-president of the Candy company for the first six months of that year. The argument is based upon the provision in section 211(b) that "the phrase 'engaged in trade or business within the United States' includes the performance of personal services within the United States at any time within the taxable year," and assumes that the Tax Court was bound to accept Mr. Heller's testimony. The argument is not persuasive. Even if it be conceded that the petitioner rendered no services in 1946, although his presence in San Francisco would not have precluded his giving advice by telephone or letter as to the conduct of the company's business in New York, we think this fact is irrelevant. The argument presupposes that a corporate officer is engaged in business only while he is active in the work of the company. We cannot accept this assumption. A salary is paid not only to compensate for work performed but to secure a command over the employee's services. For instance, no one would say that an employee or corporate officer ceased to be engaged in business while on vacation, because he performed no active work during the vacation period. The statute should not be given a construction so limited. The taxpayer never decided to quit as vice-president of the company until he was called away to become Ambassador to Portugal. Up to that time he was receiving pay for services or for a call on his services. Hence he was "engaged in business" within the United States. He was an alien, and because of his diplomatic status was a nonresident alien, despite his presence in this country.[1] The Tax Court was correct in holding him taxable under section 211 (b).

■ The petitioner next contends that even if he is taxable under sec. 211 (b) for the first six months of 1946, his capital gains during the last six months of the year should not be taxed. He argues that "taxable year", as used in the statute and regulations,[2] may be construed to cover a fractional part of the calendar year, as when a resident alien removes to Canada for residence there,[3] or a nonresident alien changes his status to that of a resident alien,[4] and he complains that the Tax Court has given no effect taxwise to the petitioner's permanent departure from the United States on or about June 30, 1946. The analogies relied upon are not persuasive. The only change in petitioner's status made by his departure was from that of a nonresident alien engaged in business within the United States to that of a nonresident *not* so engaged. No statute, regulation nor decision suggests that such a change requires the taxpayer's "taxable year" to be split up into fractions of

1. See O.D. 198, 1 Cum.Bull. 164 (1922); Jamvold v. Commissioner, 11 T.C. 122; Treas.Reg. 111, § 29.211–2(b).

2. Treas.Reg. 111, § 29.211–7.

3. Goldring v. Commissioner, 36 B.T.A. 779.

4. Steur v. Commissioner, 7 T.C. 1075.

the calendar year. A strong implication to the contrary is found in section 211 (b) where the phrase "engaged in trade or business" is defined as including "the performance of personal services within the United States *at any time within the taxable year*" [italics added]. Normally the taxable year is the calendar year.[5] We see no error in holding taxable the capital gains realized after the taxpayer's departure from the United States.

Decision affirmed.

---

5.   Section 48, Internal Revenue Code, 26 U.S.C.A. § 48.