ALBERTO VITALE, PETITIONER v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 10611–75.    Filed May 29, 1979.

*James B. Lewis*, for the petitioner.
*William G. Cavanagh* and *Ronald E. Friedman*, for the
respondent.

QUEALY, *Judge:* The respondent determined a deficiency in the
Federal income tax of the petitioner for the calendar year 1966,
in the amount of $369,916.79.

As a result of an agreement by the parties, the only issue for
decision is whether certain capital gains realized by the petition-
er during the year 1966 are subject to United States income tax
pursuant to section 871(c) and section 875.[1] The issue was first
submitted under Rule 122(a), Tax Court Rules of Practice and
Procedure, upon a stipulation of facts and exhibits. On motion of
the Court, the record was reopened to permit petitioner to
present evidence with respect to the date upon which a
partnership, in which petitioner was a member, commenced
business in the United States.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of
facts and the exhibits attached thereto are incorporated herein
by this reference.

During 1966, petitioner was an Italian national resident in
Switzerland. He was neither a citizen nor resident of the United
States at any time.

Petitioner was a stockholder of Export-Import Woolens, Inc.,
a United States corporation engaged in the business of import-
ing into and selling in the United States silks, woolens, and other

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect in 1966, unless
otherwise indicated.

fabrics. Petitioner owned 18.6 percent of the stock of the corporation.

On or before May 2, 1966, the stockholders of Export-Import Woolens, Inc., duly adopted the required resolutions for the liquidation of the corporation. Pursuant thereto, there were distributed to the petitioner 33,549 shares of stock of Hart Schaffner & Marx, having a value of $1,266,864.43, and other assets having a value of $120,900. The total value of the property received by the petitioner in the liquidation was $1,387,584.43. Petitioner's adjusted basis for his stock of the corporation was $9,300. He realized long-term capital gain on the liquidation of $1,378,284.43.

On May 2, 1966, the former stockholders (together with certain employees) of the corporation formed Export-Import Woolens Co., a New York limited partnership, of which the petitioner became a limited partner with an 11.4-percent interest. The partnership succeeded to the business of the corporation. Petitioner did not participate in the conduct of the business of the partnership.

On or before May 6, 1966, petitioner sold 25,000 shares of stock of Hart Schaffner & Marx received in the liquidation of Export-Import Woolens, Inc. He realized $1,014,104.49 on the sale. His basis for such shares was $943,906.25. He realized short-term capital gain of $70,198.24.

Petitioner was not in the United States for a period or periods aggregating 90 days or more during the calendar year 1966. He was not present in the United States on May 2, 1966, or May 6, 1966.

Petitioner filed a timely United States nonresident alien income tax return (Form 1040B) for the calendar year 1966 with the District Director of Internal Revenue for the Manhattan District of New York. The return reported income of $12,394.96 from the partnership. The petitioner paid the tax shown on the return to be due.

In respondent's notice of deficiency, he determined that for the taxable year 1966, petitioner was subject to tax in the United States as a nonresident alien doing business in the United States within the meaning of section 871(c). In accordance with that determination, respondent seeks to tax the gain realized by petitioner on account of the liquidation of Export-Import Woolens, Inc., and the gain realized by petitioner from

the sale of 25,000 shares of the stock of Hart Schaffner & Marx received in such liquidation.

## OPINION

The sole question presented for decision is whether petitioner, a nonresident alien, is taxable on the gain realized from the distribution and subsequent sale of 25,000 shares of the stock of Hart Schaffner & Marx received by petitioner as a stockholder of Export-Import Woolens, Inc. On reopening the record in this case, petitioner sought to show that the distribution of the stock was made prior to such time that the petitioner was "doing business in the United States" as a partner in Export-Import Woolens Co., which was formed on May 2, 1966. Respondent contends that petitioner has failed to meet that burden. Respondent further contends that pursuant to the applicable statute and regulations it is immaterial.

Upon the basis of the record in this case, the Court is unable to find that on the date there was distributed to the petitioner the stock in question the petitioner was not a member of a partnership doing business in the United States on account of which petitioner would be taxable on all income realized thereafter from United States sources. Other than the stipulated date of "May 2, 1966," the record fails to show when the stock was actually distributed to the petitioner. Petitioner was not physically present in the United States when the distribution was made. A brother, petitioner's only witness, acted for petitioner under a power of attorney. He did not present any evidence from which it could be determined when the petitioner either actually or constructively received the stock.

Section 875 provides that a nonresident alien individual shall be considered as being engaged in a trade or business within the United States, if the partnership of which he is a member is so engaged. Petitioner acknowledges that as of May 2, 1966, he was a partner in a partnership which was engaged in a trade or business within the United States. Petitioner contends, however, that section 875 should not be construed to apply, for purposes of section 871(c), to gains realized on transactions occurring prior to the time that the petitioner qualified as a nonresident alien doing business in the United States by virtue of section 875.

Petitioner acknowledges that respondent's regulations are directly to the contrary.[2]

Section 875, insofar as material herein, provides,

SEC. 875. PARTNERSHIPS.

For purposes of this subtitle, a nonresident alien individual shall be considered as being engaged in a trade or business within the United States if the partnership of which he is a member is so engaged.

The language of the statute first appeared in section 219 of the Revenue Act of 1936. The reports of the committees of the Congress accompanying the 1936 Act are silent with respect to the applicability of that rule to transactions occurring prior to the time that the taxpayer met the conditions prescribed therein. However, section 875 merely determines the taxable status of a nonresident partner in a partnership engaged in business in the United States. The phrase "at any time during the taxable year," which has been added by the regulation, does not enlarge upon the scope of statute. Section 871(c) determines the manner in which such individual shall be taxed and section 872 limits the income to be taxed.

For purposes of taxation, the nonresident alien who qualifies for taxation under section 871(c) on account of being a partner in a U.S. partnership is deemed to have so qualified in his individual capacity. *Craik v. United States*, 90 Ct. Cl. 345, 31 F. Supp. 132 (1940).

Section 871(a)(2) provides for the taxation of capital gains of nonresident aliens temporarily present in the United States. If the nonresident alien is present less than 90 days during the taxable year, the gains which are taxable and the losses which may be offset against such gains are limited to the sales or exchanges allocable to sources within the United States which were effected during such presence. (Sec. 871(a)(2)(A)). If the nonresident alien is present in the United States for a period or

---

[2]Petitioner's original brief states at p. 7:

"The respondent nevertheless contends that Treas. Reg. §1.875–1, as in effect in 1966, made the petitioner's long-term capital gain subject to United States tax. That regulation provided, in pertinent part, that: 'A nonresident alien individual who is a member of a partnership which *at any time within the taxable year* is engaged in trade or business within the United States is considered as being engaged in trade or business within the United States and is therefore taxable under section 871(c).' Under this regulation an individual who became a limited partner in a partnership engaged in trade or business within the United States would be subject to United States tax on capital gains realized from United States sources during the portion of his taxable year antedating his entry into the partnership [emphasis added]."

periods aggregating 90 days or more during such taxable year, all gains and losses from sales or exchanges during such year and allocable to sources within the United States are taken into account. (Sec. 871(a)(2)(B).)

Section 871(c) provides for the taxation of nonresident aliens who are engaged in trade or business within the United States. A nonresident alien who performs services *at any time* within the taxable year is deemed to be engaged in a trade or business within the United States except where personal services are performed for nonresident employers or businesses for a period or periods of less than a total of 90 days and whose compensation does not exceed $3,000. This provision places such aliens in the same category as a nonresident alien not doing business in the United States. Except for this exception, a nonresident alien doing business in the United States, regardless of the duration of such business, is taxable without regard to section 871(a).

The fact that petitioner was "doing business in the United States" as a limited partner rather than in his individual capacity is not distinguishable for purposes of section 871(c). The so-called "split return" rule does not apply. See *Van Der Elst v. Commissioner*, 223 F.2d 771 (2d Cir. 1955), affg. a Memorandum Opinion of this Court dated Nov. 16, 1953.

When viewed in this light, section 1.875–1, Income Tax Regs., is consistent with the intent of the statute.[3] While the petitioner may be disadvantaged on such account, the regulation could also be advantageous in the case of other taxpayers. Not only is the gain realized prior to the date that the taxpayer commenced to do business in the United States included in the income to be taxed, but gains realized after that date may likewise be offset by losses incurred prior thereto. The regulation is one of long standing and the section has been reenacted without change as to this point.[4] If a different result had been intended, the Congress would have taken corrective action to change the law. See *Old Colony R. Co. v. Commissioner*, 284 U.S. 552 (1932); *Diamond v. Sturr*, 221 F.2d 264 (2d Cir. 1955).

Accordingly, the gains realized by petitioner on the receipt of Hart Schaffner & Marx stock in liquidation of Export-Import

---

[3] A different treatment might also have been inconsistent with the rationale of the rule under the 1939 Code whereby the income of the partnership became the income of the partner on the last day of the taxable year of the partnership. Sec. 188, I.R.C. 1939; sec. 39.500–1(b), Regs. 118.

[4] Art. 219–1, Regs. 94 (1936); sec. 29.219–1, Regs. 111 (1942); sec. 1.875–1, Income Tax Regs.

Woolens, Inc., and the subsequent sale of that stock are taxable under section 871(c).

*Decision will be entered under Rule 155.*