JACK JORDAN AMMANN AND DOROTHY LEE AMMANN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41050. Filed August 26, 1954.

*R. B. Cannon, Esq.*, for the petitioners.
*Allen T. Akin, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $807.92 in income tax of the petitioners for 1949. The only issue for decision is whether a partner's share of Internal Revenue Code, 1939, section 117 (j), loss of the partnership is to be offset by individual section 117 (j) gains of the taxpayer-partner. The stipulation of the parties is adopted as the findings of fact.

The petitioners, husband and wife, filed a joint return for 1949 with the collector of internal revuene for the first district of Texas.

Jack was a member of a partnership which sustained losses from the sale of depreciable assets used in its trade or business. Jack's share of those losses was $3,257.81. (The partnership deducted the full amount of the losses on its return for 1949.)

Jack, individually, realized net gain of $8,586.87 in 1949 "from the sale of capital assets and/or depreciable assets used in his trade or business."

The Commissioner, in determining the deficiency, held that Jack's share of the partnership section 117 (j) loss had to be offset against the individual capital gains disclosed by the joint return.

The petitioners contend that Jack's share of the section 117 (j) loss of the partnership should be reported as an ordinary loss on their joint return and should not be offset against their individual section 117 (j) gains. They say that a partnership is not a "taxpayer" but is a separate unit for computing net income on its separate transactions; its capital gains and losses are separated from its ordinary income and each partner reports his share of each; section 117 (j) permits the excess of long-term gains from sales of capital assets and noncapital assets used in the trade or business over long-term losses from similar sales to be considered long-term capital gains but provides that such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets if the gains do not exceed the losses; the partnership had no such gains and was required to treat its losses from noncapital assets used in its business as ordinary losses; and unlike capital gains and losses (see section 182 of the Internal Revenue Code of 1939), there is no statutory requirement that Jack's share of those noncapital asset losses must be reported on his joint return as anything but his share of the ordinary loss of the partnership. Section 182 (c) requires the partner to report his share of this ordinary loss as ordinary loss. Cf. *John G. Scherf, Jr.*, 20 T. C. 346. Section 117 (j) (2) (A) refers to the computation of net income and is some further indication that section 117 (j) refers to the gains and losses of the taxpayer or the unit (partnership) for which "net income," gains, and losses are separately computed and reported for income tax purposes and does not mean that the computation is not made in the case of a partnership but is made only on the basis of the return of each separate partner. The Commissioner has pointed to no statutory or other authority supporting his contrary contention. Section 117 (j) is not limited to a "taxpayer," as contended by the Commissioner, but applies to a partnership as well. Cf. *Bentex Oil Corporation*, 20 T. C. 565. A case involving a gain and a loss, each from a noncapital asset owned by an individual but unrelated in use, is not in point here where the losses were those of a partnership and the gains those of an individual. Nor are the cases cited, not involving the same or indistinguishable statutory provisions, authority for the Commissioner's contention.

*Decision will be entered under Rule 50.*