Jacob (Jay) Paley and Lillian Paley, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 40898. Filed September 21, 1954.

*S. Earl Wright, Esq.*, for the petitioners.
*George E. Constable, Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* The Commissioner determined deficiencies in income tax of the petitioners of $16,042.31 for 1948 and $20,206.78 for 1949. The only issue for decision is whether the individual section 117 (j) (Internal Revenue Code of 1939) losses of the taxpayer-partner are to be offset by his share of section 117 (j) gains of the part-

nership. The stipulation of the parties is adopted as the findings of fact.

The petitioners, husband and wife, filed joint returns for the years 1948 and 1949 with the collector of internal revenue for the southern district of California.

The petitioners, individually, sustained losses of "the type described under section 117 (j)" of $44,420.12 in 1948 and $106,214.98 in 1949. The petitioners deducted the full amount of these losses on their returns for the taxable years.

Jacob was a member of a partnership which realized gains of "the type described under section 117 (j)" during the taxable years. Jacob's shares of these gains were $37,675.62 for the year 1948 and $28,333.28 for the year 1949. The petitioners reported these amounts as long-term capital gains on their returns for the taxable years.

The Commissioner, in determining the deficiencies, held that the petitioners' section 117 (j) losses had to be offset against Jacob's shares of the partnership section 117 (j) gains. The petitioners contend that Jacob's shares of the section 117 (j) gains of the partnership should be reported as long-term capital gains on their joint returns and should not be used to offset their individual section 117 (j) losses. The taxpayer in the recent case of *Jack Jordan Ammann*, 22 T. C. 1106, had long-term capital gains from individually owned non-capital assets, while a partnership of which he was a member had long-term losses from non-capital assets. It was there held that a computation had to be made for the partnership under section 117 (j) (2) after which the individual partner reported his distributive share of the net income of the partnership and that the section 117 (j) losses of the partnership were not to be carried over as if they were section 117 (j) (2) losses of the individual partner and offset against his section 117 (j) gains. The facts here are different in that here the partnership had the gain while the individual had the losses but the principle is the same, the section 117 (j) (2) losses or gains of the partnership do not enter into the section 117 (j) (2) computation for the partner, and upon authority of that case the issue is decided for the petitioners.

*Decision will be entered under Rule 50.*